FILED
August 20, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02153

**Alvarez-Jimenez,**
*Petitioner,*
v.
**Blanche, et al.,**
*Respondents.*

## ORDER

Salomon Alvarez-Jimenez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing, an injunction prohibiting his transfer from the Western District while his petition is pending, and a stay of removal. The petition and requests for an injunction and a stay are denied.

## BACKGROUND

Petitioner last entered the United States without inspection in 1987. In 2001, Petitioner was arrested in Chicago, Illinois for driving while intoxicated. Petitioner was subsequently convicted. On July 25, 2026, Petitioner was arrested in Williamson County, Texas for public intoxication. On July 29, 2026, Petitioner was taken into federal immigration custody and is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On August 4, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing, an injunction

prohibiting his transfer from the Western District while his petition is pending, and a stay of removal. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and Nationality Act, the Administrative Procedure Act, and the Suspension Clause.[1] His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth in Parts I–IV of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.[2]

---

[1] Petitioner mentions the *Maldonado Bautista* class action but does not assert a claim under it. Even if he had, he would not be entitled to relief for the reasons stated in Part V of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026). Petitioner asserts a claim for "Denial of Opportunity to Contest Mis-Inclusion in Mandatory Category of Detention." Petition at p. 28. It appears this claim is a restatement of Petitioner's argument that he is entitled to a bond hearing under the Immigration and Nationality Act. For the reasons stated in Part I of this Court's decision in *Cazares Tapia*, this claim fails.

[2] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (per curiam), does not preclude this Court from adjudicating or entering final judgment in this case.

Petitioner is also not entitled to an injunction from transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied.

Petitioner is also not entitled to a stay of removal. "A request for stay of removal is a challenge to a removal order." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (per curiam). This Court lacks jurisdiction over challenges to removal orders. 8 U.S.C. § 1252(g); *Fabuluje v. Immigr. & Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (per curiam) ("the district court correctly determined that it was without jurisdiction to consider [the] request for a stay of the removal proceedings"); *Idokogi v. Ashcroft*, 66 F. App'x 526, 526 (5th Cir. 2003) (per curiam) (same). Petitioner's request for a stay of removal is therefore denied.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on August 20, 2026.*

ANDREW DAVIS
United States District Judge